UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Chester Lee Barnes, ) | Case No. 8:15-cv-02842-HMH-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| M. Travis Bragg, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion to dismiss. [Doc. 16.] Petitioner is a federal prisoner, proceeding pro se, who seeks relief pursuant to 28 U.S.C. § 2241. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on July 16, 2015.[1] [Doc. 1.] On November 10, 2015, Respondent filed a motion to dismiss [Doc. 16] and a return and memorandum [Doc. 17]. On November 12, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 19.] Petitioner's response in opposition was filed on December 7, 2015. [Doc. 21.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion to dismiss be granted.

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on July 16, 2015. [Doc. 1-1 (envelope stamped by correctional institution on July 16, 2015).]

## BACKGROUND

**Underlying Conviction, Appeal, and Previous Collateral Attack**

Subsequent to a guilty plea, Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina on July 29, 2008 to 320 months' imprisonment for violation of 21 U.S.C. § 841(a)(1)–intent to distribute more than five grams of cocaine base–and violation of 18 U.S.C. § 924(c)(1)(A)–possession of a firearm in furtherance of a drug trafficking crime. [E.D.N.C. Case No. 5:07-cr-00351-BO-1, Doc. 31].[2] Specifically, Petitioner was sentenced to consecutive sentences of 260 months' imprisonment for his conviction for possession with intent to distribute more than five grams of cocaine and sixty months' imprisonment for possession of a firearm in furtherance of a drug trafficking crime. [*Id.*] Petitioner did not file a direct appeal. On February 9, 2012, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [*Id.*, Doc. 33.] The motion was dismissed as untimely. [*Id.*, Doc. 46.] Subsequently, the Fourth Circuit Court of Appeals affirmed the dismissal of Petitioner's § 2255 motion. *United States v. Barnes*, 509 F. App'x 279 (4th Cir. 2013) (unpublished decision).

---

[2] It is appropriate for this Court to take judicial notice of Petitioner's prior cases. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

**Instant Petition and Motion to Dismiss**

On July 16, 2015, Petitioner filed the instant § 2241 Petition. [Doc. 1.] Petitioner challenges a career offender sentence enhancement imposed under § 4B1.1 of the United States Sentencing Guidelines and alleges that one of his prior convictions used to enhance his sentence no longer qualifies as a predicate offense in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Petitioner argues that in light of *Simmons*, he should not have been classified as a career offender, and that his advisory guideline range was therefore calculated incorrectly. [Doc. 1 at 6–10.]

Respondent first argues that the waiver contained in Petitioner's plea agreement precludes Petitioner's right to attack his conviction and sentence. [Doc. 16-1 at 4–5.] Second, Respondent asserts that this Court lacks jurisdiction to consider Petitioner's 28 U.S.C. § 2241 Petition because Petitioner cannot meet the conditions pronounced in *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000), to satisfy the savings clause under 28 U.S.C. § 2255(e) and proceed under § 2241. [*Id.* at 5–7.]

Petitioner responds that he did not waive the current challenge because his arguments fall outside the scope of the waiver in his plea agreement. [Doc. 21 at 2–3.] Further, Petitioner argues that a § 2255 motion is inadequate and ineffective. Petitioner claims he meets all three prongs of the test articulated in *In re Jones* for determining whether a successive habeas petition triggers the savings clause of § 2255. [*Id.* at 3–5.] Last, Petitioner asserts that in light of *Simmons*, he is no longer a career offender under the sentencing guidelines. [*Id.* at 5–6.]

3

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Haines*, 404 U.S. at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

**Rule 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. *Id.* In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. *Id.* The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. *Id.*

**Rule 12(b)(6)**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted unless it appears certain that the petitioner can prove no set of facts which would support his claim and entitle him to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the [petition] in a light most favorable to the [petitioner]." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the [petition's] allegations and those documents

5

attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the [respondent] fair notice of what the . . . claim is and the grounds upon which it rests." While a [petition] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [petitioner's] obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the [petition] are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [respondent] has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)–the pleader must plead sufficient facts to show he is entitled to relief, not merely facts

consistent with the [respondent's] liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 (Where a petition pleads facts that are merely consistent with a respondent's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). With regard to the application of the § 2255 savings clause to § 2241 petitions, the United States Court of Appeals for the Fourth Circuit has found that the possibility that a second § 2255 motion filed by Petitioner in the sentencing court might be

7

found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir. 2001) (collecting cases).

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. Moreover, the Fourth Circuit has repeatedly held that the savings clause does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause).

Here, Petitioner is unable to satisfy the savings clause of § 2255. Petitioner fails to prove the second element of the *In re Jones* test, which requires that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34. Petitioner provides no evidence that the conduct for which he was convicted has been deemed non-criminal by any substantive law

8

change. Instead, Petitioner alleges that the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), has rendered his designation as a career criminal under the ACCA and sentence enhancement improper. However, Petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to petitioners challenging only their sentence. *Poole*, 531 F.3d at 267 n. 7 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").

To the extent Petitioner argues that the United States Supreme Court in *Persaud v. United States*, 134 S.Ct. 1023 (2014), permits him to challenge his sentencing enhancement, Petitioner's reliance is misplaced. Even after the Supreme Court's remand in *Persaud*, the Fourth Circuit has subsequently affirmed a district court order which held that a petitioner could not challenge a sentencing enhancement through a § 2241 petition. *See Rouse*, 584 F. App'x 76 ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."). Because Petitioner challenges the armed career criminal sentencing enhancement rather than the criminality of his conduct, he has not raised a claim that may be presented in a § 2241 petition. Therefore, Petitioner fails to meet the requirements of § 2255's savings clause, and this Court lacks jurisdiction to consider Petitioner's § 2241 Petition.[3]

---

[3] The undersigned acknowledges that the United States Court of Appeals for the Fourth Circuit heard *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015) en banc on March 23, 2016. *See United States v. Surratt*, No. 14-6851 (4th Cir. March 23, 2016). The issue in *Surratt* is whether *Simmons* allows a petitioner to challenge a sentence enhancement under the ACCA by filing a § 2241 petition. As of this date, the Fourth Circuit has not rendered a decision in *Surratt*. Additionally, because the Court finds that it lacks jurisdiction to consider Petitioner's § 2241 Petition, the Court declines to address Respondent's argument that Petitioner is barred by the waiver contained in his plea

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion to dismiss be GRANTED and Petitioner's Petition be DISMISSED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

July 12, 2016
Greenville, South Carolina

---

agreement.