IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Chester Lee Barnes, Jr., )<br>  )<br>        Petitioner, )<br>  )<br> vs. )<br>  )<br>M. Travis Bragg, Warden, )<br>  )<br>        Respondent. ) | C.A. No. 8:15-2842-HMH-JDA<br><br>**OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Chester Lee Barnes, Jr. ("Barnes"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Magistrate Judge Austin recommends granting the Respondent's motion to dismiss and dismissing Barnes' petition, because Barnes is solely attacking his sentence, and has failed to show that 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his conviction.  (Report & Recommendation 7-9, ECF No. 25.)

Barnes filed objections to the Report and Recommendation.[2]  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Barnes' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean two specific objections.  First, Barnes alleges that the Report and Recommendation is premature and argues that this matter should be delayed until the Fourth Circuit issues its opinion in United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), reh'g en banc granted, (4th Cir. Dec. 2, 2015).  (Objections 1, ECF No. 27.)  The court declines to stay this case pending an en banc decision in Surratt.  Pursuant to the controlling Fourth Circuit precedent, Barnes must satisfy the following three elements in order for his § 2241 petition to meet the § 2255(e) savings clause requirements:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).  Barnes is challenging his sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  However, Barnes has failed to establish any subsequent change in substantive law such that the conduct of which he was convicted is

deemed no longer criminal.  Second, Barnes objects that the second element of the Jones test is in conflict with the Seventh Circuit's test for application of the savings clause, as set forth in Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).  (Objections 1, ECF No. 27.)  However, to the extent the Seventh Circuit's test is different, this court is bound to follow controlling law from the Fourth Circuit in Jones.  Based on the foregoing, Barnes' two objections are without merit and his § 2241 petition fails to satisfy the § 2255(e) savings clause.  Thus, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion to dismiss, docket number 16, is granted, and Barnes' § 2241 petition is dismissed.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
July 28, 2016

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3